IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ] ] ] Plaintiff, ] ] vs. ] ] FACTORY CONNECTION, LLC ] ] Defendant. ] ] | CIVIL ACTION # 1:05CV896-T **COMPLAINT** **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Mattie Lois Wright who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Defendant Employer discriminated against Mattie Lois Wright on the basis of her race by failing to promote her to a Store Manager position.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama Southern

Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Factory Connection, LLC (the "Employer"), has continuously been a Delaware corporation doing business in the State of Alabama and the City of Elba, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mattie Lois Wright filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about February 3, 2004 Defendant Employer engaged in unlawful employment practices at its Elba, Alabama facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular, Ms. Mattie Lois Wright, a Black female applied for a promotion to a Store Manager position which was open at Defendant Employer's Elba, Alabama location. At the time that she applied, Ms. Wright was employed as a Relief Manager at

Defendant Employer's Elba, Alabama location and she was qualified for the Store Manager position which she sought. The Defendant Employer refused to promote Ms. Wright to the position and instead hired a lesser qualified White female to fill the position.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Mattie Lois Wright of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Mattie Lois Wright.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black Americans and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Mattie Lois Wright by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Mattie Lois Wright by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

E. Order Defendant Employer to make whole Mattie Lois Wright by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Mattie Lois Wright punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
1801 "L" Street, Northwest
Washington, DC 20507

_____
CHARLES E. GUERRIER (OH 0023546)
Regional Attorney


_____
MILDRED BYRD (LA 03741)
Supervisory Trial Attorney


_____
J. MARK GRAHAM (LA 06216)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2054