IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>FACTORY CONNECTION, LLC,<br><br>    Defendant. | Case No.: 1:05-CV-896-T |

## ANSWER TO COMPLAINT

COMES the defendant in the referenced case, Factory Connection, LLC f/k/a Guntersville Outlet, Inc., and responds to each of the allegations asserted in the plaintiff's complaint as follows:

### JURISDICTION AND VENUE

1. Defendant admits that this Court has jurisdiction over the referenced claims. Defendant denies the remaining allegations of Paragraph One.

2. Defendant admits that the supposedly unlawful employment actions at issue in this case occurred within the United States District Court for the Middle District of Alabama, Southern Division. Defendant denies that it committed any unlawful acts. Defendant denies the remaining allegations of Paragraph Two.

### PARTIES

3. Admitted.

4. Defendant admits that Factory Connection, LLC f/k/a Guntersville Outlet, Inc. is a Delaware Corporation and has done business in the state of Alabama during the time the plaintiff worked for it. Defendant denies the remaining allegations of Paragraph Four.

5.      Admitted as to Defendant Factory Connection, LLC f/k/a Guntersville Outlet, Inc., otherwise denied.

## STATEMENT OF CLAIMS

6.      Defendant admits that, more than 30 days before the institution of this lawsuit, Mattie Lois Wright filed a charge of discrimination with the Equal Employment Opportunity Commission alleging a violation of Title VII.  Defendant denies the remaining allegations of Paragraph Six.

7.      Defendant admits that Plaintiff worked as a relief that manager at its store in Elba, Alabama.  Defendant admits that the plaintiff applied for and was rejected from a store manager position.  Defendant denies that the white female who was hired to the store manager position was less qualified than the plaintiff.  Defendant denies the remaining allegations of Paragraph Seven.

8.      Defendant denies the allegations of Paragraph Eight.

9.      Defendant denies the allegations of Paragraph Nine.

10.     Defendant denies the allegations of Paragraph Ten.

## PRAYER FOR RELIEF

Defendant denies that the plaintiff is entitled to any of the relief that she requests in Paragraphs A through H, or that she is entitled to any relief from the defendant.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The plaintiff has failed to meet the administrative prerequisites necessary to file a claim under Title VII.

## SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies with regard to some or all of her claims arising under Title VII.

**THIRD DEFENSE**

Upon discovery of sufficient facts, the defendant reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

**FOURTH DEFENSE**

Although defendant denies that plaintiff's race was a determinative or substantial motivating factor in any adverse employment action which may be found to have occurred, if plaintiff demonstrates that her race was such a factor, in the case of each such decision or alleged adverse employment action, the same decision would have been reached regardless of the plaintiff's race.

**FIFTH DEFENSE**

With regard to any allegations in the Complaint alleging discriminatory practices of the defendant not specifically contained in the charge that plaintiff filed with the EEOC or not set out in said charge with the particularity necessary to give the defendant proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit have not been satisfied.

**SIXTH DEFENSE**

The defendant's decisions or actions regarding the plaintiff's employment were based upon legitimate, nondiscriminatory factors and were not based upon the plaintiff's race.

**SEVENTH DEFENSE**

The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**EIGHTH DEFENSE**

At all times relevant to the claims at issue herein, defendant maintained a policy strictly prohibiting discrimination or harassment of any kind. This policy contained procedures whereby an aggrieved employee could register his or her complaint and seek redress through defendant's

employment policy and procedures. Plaintiff herein has failed to follow such procedures to seek internal redress or otherwise afford this defendant an opportunity to investigate and/or remedy the allegations contained in the complaint.

### NINTH DEFENSE

To the extent plaintiff seeks to assert a hostile work environment claim, Plaintiff is barred as a matter of law from recovering for a hostile work environment or harassment based claim because the defendant exercised reasonable care to prevent and promptly correct any harassing behavior, and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the defendant or to avoid harm otherwise.

### TENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct for which the defendant is liable as a matter of law.

### ELEVENTH DEFENSE

To the extent Plaintiff has taken a position in another forum that is inconsistent with her position in this case, her claims are barred by the doctrine of estoppel, res judicata, or claim preclusion.

### TWELFTH DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### THIRTEENTH DEFENSE

Some or all of plaintiff's claims are barred by the applicable period of limitations.

### FOURTEENTH DEFENSE

Defendant denies that it acted willfully or maliciously and therefore an award of punitive damages under 42 U.S.C. § 1981a(b)(1) is not appropriate.

### FIFTEENTH DEFENSE

No unlawful action allegedly taken by any individual was taken in the capacity of agent or employee of defendant. Any such action was outside the line and scope of any such person's agency or employment. Any such action was expressly forbidden by the defendant.

### SIXTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to the defendant's policies and good faith efforts to comply with the laws.

### SEVENTEENTH DEFENSE

No action of the Defendant was the proximate cause of any injury or damages allegedly suffered or incurred by plaintiff.

### EIGHTEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages, she ought not recover them because, on their face and/or as applied, punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and various provisions of the Constitution of Alabama, including Article One, Section 6, on the following separate and several grounds and in one or more of the following respects:

    (a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a

reasonable doubt" burden of proof required in criminal cases.

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award that could be levied against the Defendant, in violation of, *inter alia*, the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(c) The procedures pursuant to which punitive damages are awarded result in the imposition of disparate penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(d) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, thereby infringing the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment.

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(f) An award of punitive damages to the Plaintiff in this case would constitute a deprivation of property without due process of law, in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

(g) The award of punitive damages would constitute an arbitrary and capricious taking of defendant's property that is not justified by any rational governmental purpose.

(h) The imposition of punitive damages would not be pursuant to any reasonable guidelines, standards, or limits and would be without the protections available to those exposed to criminal punishment in criminal proceedings.

(i) The imposition of punitive damages would constitute excessive punishment and would, therefore, be unlawful.

(j) There are no clear and consistent standards for appellate review of any award of punitive damages.

(k) The level of egregious conduct required for the imposition of punitive damages is vague and ambiguous.

## NINETEENTH DEFENSE

The plaintiff's compensatory and punitive damage claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a.

Respectfully submitted,

s/ Brian R. Bostick
Brian R. Bostick
Gordon L. Blair
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama   35203-2118
(205) 328-1900
(205) 328-6000 (Fax)
brian.bostick@odnss.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of November, 2005, I electronically filed the foregoing Defendant's Answer to Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: James L. Lee, Gwendolyn Young Reams, Charles E. Guerrier, Mildred Byrd, and J. Mark Graham.

                                      s/ Brian R. Bostick
                                      OGLETREE, DEAKINS, NASH,
                                      SMOAK & STEWART, P.C.
                                      One Federal Place, Suite 1000
                                      1819 Fifth Avenue North
                                      Birmingham, Alabama 35203
                                      Telephone: (205)328-1900
                                      Facsimile: (205)328-6000
                                      brian.bostick@odnss.com